**CERTIFIED STAINLESS SERVICES, INC., d/b/a West-Mark, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C–82–5992–WWS.

United States District Court, N.D. California.

June 10, 1983.

Melvyn I. Mark, Robert Ted Parker, Keith L. Pope, Titchell, Maltzman, Mark, Bass, Ohleyer & Mishel, San Francisco, Cal., for plaintiff.

Jay R. Weill, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

This is an action for refund of federal excise taxes assessed and paid for the quarter ended June 30, 1977. The government assessed and plaintiff paid a deficiency of $2,646.09. This Court has jurisdiction over plaintiff's claim.

The parties have stipulated that the matter is ripe for decision on summary judgment and that the following facts are true.

Plaintiff Certified Stainless Services, Inc. ("Certified") is a corporation under the laws of the State of California with its principal place of business located in Ceres, California.

Certified is a small custom manufacturer of aluminum and stainless steel tank trailers and bodies for the transportation of heavy loads of liquids (e.g., milk, wine and petroleum products) and occasionally dry loads of farm products and construction materials.

For the taxable quarter in question, Certified's sales of tank trailers to customers were entirely at retail and were individually negotiated based on the customer's particular specifications.

The tank trailers and bodies manufactured by Certified are subject to the federal manufacturers excise tax of 10% imposed by Section 4061(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 4061(a). This action seeks recovery of additional excise taxes assessed as deficiencies and paid for the three-month period ended June 30, 1977. However, since the same issue arises in assessments made by the Internal Revenue Service ("IRS") for all calendar quarters in 1976 through 1978, the parties agree that the resolution of this case will resolve all disputes between them as to those quarters.

For all calendar quarters in 1976 through 1978, Certified computed and reported its excise tax liability on retail sales of trailer tanks under § 4061(a) using a tax base of 75% of the actual retail price of each tank sold, multiplied by the 10% tax rate, without regard to the cost to manufacture each trailer.

The deficiencies assessed by the IRS were based on its determination that, while Certified was entitled to use a constructive sales price in determining its liability for motor vehicle manufacturer's excise tax, the proper constructive sales price was the higher of (a) 75% of sales price or (b) the total cost to manufacture and sell the trailers, but in no event more than the actual sales price. In this determination, the IRS relied on the so-called "cost-floor" rule of Rev.Rul. 54–61. The IRS determined in its audit of Certified that in certain retail sales reported, plaintiff's costs to manufacture and sell the tank trailer exceeded the actual price for which it was sold. As a result of this determination by the IRS, in those

sales, the manufacturer's excise tax was based upon plaintiff's actual retail sales price.

Plaintiff's claim is based on an attack of the so-called "cost-floor" rule set forth in Rev.Rul. 54–61. The nature and effect of that rule is described in its brief as follows:

Federal manufacturers excise taxes are generally based on the price at which a taxable item is sold by manufacturers to the wholesale level of distribution. Where manufacturers sell only at *retail*, and there is no established wholesale price on which to base the excise tax, Congress delegated the task of determining a "constructive" equivalent of a wholesale price. The IRS ruled in Rev. Rul. 54–61 that, where taxable truck items are sold at retail, the "constructive" wholesale price for excise tax purposes would be 75 percent of the established retail price. The IRS further ruled that if the 75% constructive price is lower than the actual cost to manufacture a taxable item, then the actual cost is used in lieu of the 75 percent constructive price to compute the excise tax. This latter rule is the former "cost-floor" rule to which the present action is addressed.

Plaintiff's argument is that by applying the "cost-floor" rule here, i.e. by using manufacturer's cost rather than sales price as the tax base, the IRS has deprived plaintiff of the benefit of the lower tax base of 75% of the established retail price.

The validity of the "cost-floor" rule was upheld in *Whattoff v. United States,* 355 F.2d 473 (8th Cir.1966), and again recently in *Callis-Thompson, Inc. v. United States,* 80–1 U.S.T.C. ¶ 16,335 (D.Del.1980). Both are well-reasoned and persuasive opinions from which this Court sees no reason to depart.

Plaintiff argues, however, that the "cost-floor" rule is invalid where sales are below costs, relying on *Quaker City Iron Works, Inc. v. United States,* 256 F.Supp. 450 (E.D. Pa.1966). The reasoning on the basis of which the court found the "cost-floor" rule invalid—at least where sales are below

cost—is effectively answered in the two cases previously cited. Congress clearly gave the IRS broad discretion to compute a constructive retail price, including using cost in the computation. The scheme of the regulation, (although changed by the 1978 amendment), viewed as a whole is one that could reasonably have been adopted to minimize disparity and unfair results in the imposition of the tax, although in the nature of the tax its impact will be unequal. The reason for the 75% rule is to achieve an approximation of cost to the retail seller plus normal profit. It cannot be said that the regulation precluding its application to sales below cost is so unreasonable that it cannot stand.

Plaintiff's other contentions appear to confuse rather than illuminate the controversy. It is clear from Section 4216(b) that the tax is assessed based upon the constructive sale price of each separate article. Thus, plaintiff's overall results of operations are irrelevant. That it may have difficulties in computing its tax liability does not impugn the validity of the assessment.

For the reasons stated, the defendant's motion for summary judgment is granted.

IT IS SO ORDERED.